PER CURIAM.
This cause is before us on appeal from the Circuit Court, Leon County. The question presented is whether money paid to a corporation ($5,843.30) by a stockholder was: (a) a loan required to be repaid with interest by the corporation, as found by the trial court or (b) a contribution to capital, as contended by appellant. Other questions presented are the applicability of the four-year statute of limitations and appellee’s claim to attorney’s fees which was denied by the trial court.
We have reviewed the record and briefs in this case and find that the learned *363 trial court has correctly resolved the questions of fact and law presented in its decision, in pertinent part as follows:
“1. The Defendant’s conduct from 1965 until the Spring of 1977, as evidenced by various documents in evidence including correspondence, promissory notes, financial statements and copies of ledger pages, has represented the advances made to it by its stockholders as loans. It specifically promised to repay at least two of said loans by the issuance of notes bearing six percent interest. I find that the Plaintiff reasonably believed that all such advances were loans to the corporation at 6% interest. Said corporation is indebted to Plaintiff accordingly.
2. I further find that the Defendant’s witnesses’ testimony is insufficient to overcome the various documents prepared by the corporation as mentioned above. Defendant has offered no documentary evidence showing that the corporation did not consider said advances as loans.
3. The amount advanced by Plaintiff to Defendant over the years totals $5,843.30 principal, after allowing all proper credits to Defendant.
4. The defendant has acknowledged the said obligations in writing at various times by correspondence, financial statements and by its own account books. Accordingly, the defense of limitations has not been proved by Defendant.
5. Plaintiff’s evidence was insufficient to justify an award of attorney’s fees.”
Accordingly, the judgment below is AFFIRMED.
BOYER, Acting C. J., and MILLS and BOOTH, JJ., concur.